## MATILDA WALKER v. J. L. SPALDING, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—64.]

**Husband and Wife.**

The wife has a right to give property to her husband, to permit him to use her property or to pledge it as security for his debt.

**Liability of Executor and His Sureties.**

Where the executor has advanced money to a husband or because personally liable for a debt of the husband, and as executor of the estate of the wife's father has money belonging to the wife, which she agrees may be given to him on account of the husband's debt, neither the executor or his sureties are liable to account to her for the money thus received.

### APPEAL FROM NELSON CIRCUIT COURT.

May 29, 1880.

OPINION BY JUDGE PRYOR:

Neither the surety in the bond of the executors nor the executors are liable for the $1,610, claimed by the appellant. The money appellant inherited from her two brothers she had the right to dispose of as she pleased. She consented that her husband should pledge it or leave it in the hands of Spalding to indemnify him as the surety of the husband for the $1,500 the latter had received as the trustee of his wife, the appellant. If Spalding had accounted to the appellant for the $1,500 he could have held the $1,600 left in his hands to indemnify him. It was an appropriation by the husband by the consent of the wife for that purpose. Spalding has accounted for the $1,600 in the judgment rendered against him as trustee. He was appointed as trustee in room of the husband of appellant, and if in his settlement as trustee or executor he has accounted for the $1,500 by surrendering the $1,600, or had the settlement on that basis, it is conclusive against appellant.

That this is the case the record of the action against him plainly shows. The settlement made shows a balance due the appellant of $2,300, and to this is added $1,610. This constituted the trust fund for which Spalding was liable, and for this the appellant obtained a judgment. The fact that she was a feme covert did not prevent the appellant from consenting to the appropriation of the money by her husband. She had the right to give it to him or permit him to use it, and not only so, but he had the right to collect it from the

executors, and his receipt would have prevented any assertion of claim by the wife.

We see no reason for disturbing the judgment and the same is *affirmed*.

*Muir & Wickliffe, for appellant.*

*William Johnson, for appellees.*